**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SI03, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: 16-cv-274 |
| v. ) | |
| ) | Jury Trial Demanded |
| MUSCLEGEN RESEARCH INC. & ) | |
| DOES 1-10 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff SI03, Inc. ("SI03" or "Plaintiff') hereby alleges as follows:

## PARTIES

1. Plaintiff SI03, Inc. is a Delaware corporation with its principal place of business in Cape Girardeau County, Missouri.

2. On information and belief, defendant MuscleGen Research Inc. ("MuscleGen") is a North Carolina corporation with principal place of business at 2044 Muirfield Village Way, Raleigh, NC 27604.

3. Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that MuscleGen and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and and/or and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5. Plaintiff is informed and believes, and thereon alleges, that Does 1-10 acted willfully and knowingly and personally participated in the infringing activities or used the corporation to carry out their own deliberate infringement.

6. As described further below, MuscleGen conducts business and manufactures and/or distributes products in this district, in Missouri, and throughout the United States.

## JURISDICTION AND VENUE

7. This action arises under 15 U.S.C. § 1125(a) and the law of the State of Missouri. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and § 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. This action seeks redress for MuscleGen's deliberate and unlawful false and misleading representations regarding its GenePro protein powder product ("GenePro Product"), which has been packaged, marketed and sold by MuscleGen based on the representation that the product contains 30 grams of protein per tablespoon serving, when, in fact, a tablespoon serving only weighs about 11.15 grams in total.

10. This action also seeks redress for the unfair, unlawful and fraudulent business practices of all Defendants, each of whom have directly participated in making the false advertising claims relating to MuscleGen's GenePro Product in this district, Missouri and nationwide.

**I.  SI03, Inc.**

11. Plaintiff is manufacturer and seller of protein powder for sale within the United States and overseas.

12. Plaintiff produces, markets and sells various SYNTRAX-branded protein powders and has been doing so since at least 2003.

13. SI03 has invested significant dollars in researching and marketing the nutritional qualities and health benefits of protein powders, an investment that continues to this day.

14. A key element of SI03's marketing campaign has been its concentration on the health benefits associated with various protein powder formulations and SYNTRAX-branded protein powders as having the highest quality protein and the best taste in the industry.

15. Consumers associate protein powder with its various health benefits through marketing and third party research and unscrupulous competitors have set out to cash in by selling to consumers products mislabeled as having a greater protein content than actually provided.

## II.  MUSCLEGEN AND ITS FALSE ADVERTISING OF ITS PROTEIN POWDER PRODUCT

16. MuscleGen markets and sells a protein product under its GenePro brand. MuscleGen is based in North Carolina, and Plaintiff is informed and believes that it markets, distributes and sells its products, including its GenePro Product in stores in Missouri and throughout the United States and through Internet retailers, including Amazon.com, to the entire United States.

17. MuscleGen markets its GenePro Product by claiming that it has 30 grams of protein in a roughly 11.15 gram serving in the Nutrition Information panel required by the Food and Drug Administration.

18.  MuscleGen further claims on the front panel of the GenePro Product that "1 tablespoon serving size equivalent to 30G protein."

19.  In fact, GenePro has 10 or fewer grams of protein per 1 tablespoon (11.15 gram) serving.

20.  MuscleGen claims the higher 30 grams of protein per serving based upon its assertion that its protein has a higher body absorption rate than that of whey isolate.

21.  MuscleGen's claims that it has a 300% higher absorption rate is untrue and not substantiated by any reliable scientific evidence.

22.  Even if MuscleGen's claims regarding absorption rate were true, indicating that the GenePro Product has 30 grams of protein in a 1 tablespoon serving size on the FDA Nutrition Information panel is false.

23.  GenePro's marketing and packaging further states that it is "medical grade" protein.

24.  There is no industry or FDA standard for "medical grade" protein, and as such designation of the GenePro protein product as "medical grade" is incorrect, false and misleading and intended to impress consumers that the grade of protein in the GenePro product is different or conforms to a higher standard than other protein products on the market.

25. Purchasers of MuscleGen's product are likely to be misled and deceived by MuscleGen's product labeling, marketing and advertising.

26. MuscleGen's false and misleading advertising of its GenePro protein product is damaging to the reputation and goodwill of Plaintiff and is damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase MuscleGen's product over Plaintiff's products. Specifically, MuscleGen's false and misleading representations regarding the protein content of its GenePro Product deceive consumers, causing them to falsely believe that its product is superior to other protein powders, which it is not.

27. ln this way, MuscleGen entices consumers who might otherwise buy Plaintiff's product to buy its product instead. ln doing so, MuscleGen wrongfully misleads and deceives consumers,

and tricks them into believing that they are getting a more protein for a lower price, when in fact they are not.

28. The natural, probable and foreseeable result of MuscleGen's wrongful conduct has been to cause confusion, deception and mistake in the protein powder market as a whole, to deprive Plaintiff of business and goodwill, and to injure Plaintiff s relationships with existing and prospective customers.

29. Plaintiff is informed and believes that MuscleGen's wrongful conduct has resulted in increased sales of MuscleGen's own protein powder product while hindering the sales of Plaintiff's protein powder products and damaging Plaintiff's goodwill. Plaintiff has sustained and will sustain damages as a result of MuscleGen's wrongful conduct.

## FIRST CLAIM FOR RELIEF
### False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)
### Against All Defendants

30. Plaintiff incorporates by reference Paragraphs 1 through 29 above as though fully set forth herein.

31. Upon information and belief Defendants have made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, the statement that Defendants' product contains 30 grams of protein per serving.

32. Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

33. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

34. Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

35. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

36. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

37. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

38. Pursuant to 15 U.S.C. § 1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis, alleges that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
**Missouri Common Law Unfair Competition Against All Defendants**

39. Paragraphs 1 through 38 are hereby incorporated by reference as if fully set out in detail.

40. Defendants have engaged in and continues to engage in unfair competition by making false, misleading and deceptive statements about its products. Defendants' misleading and deceptive statements have caused and continue to cause consumers to purchase MuscleGen's products over the products of competitors, including Plaintiff.

41. Defendants have acted and continues to act in bad faith in making claims about MuscleGen's products that they knew and know to be materially false and deceptive.

42. Blue Buffalo's acts constitute false advertising and unfair competition under the common law of the State of Missouri.

## THIRD CLAIM FOR RELIEF
**Missouri Common Law Unjust Enrichment Against All Defendants**

43. Paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in detail.

44. MuscleGen has enjoyed substantial profits from the sale of its products to consumers who purchased MuscleGen's products over the products of competitors based on false statements made by MuscleGen, including that MuscleGen's products contain 30 grams of protein in a one tablespoon serving.

45. MuscleGen would not have made such sales or earned the profits therefrom but for the misrepresentations and false statements that it made and continues to make about its products.

46. MucleGen's gain from sales of falsely advertised products came at the expense of competitors, including Plaintiff.

47. MuscleGen has been unjustly enriched as a result of its false statements and misleading advertising practices, and under principals of equity should not be permitted to retain these unjustly

5

acquired gains.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to the their GenePro Product and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

2. For an order requiring Defendants to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of their GenePro Product, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of their GenePro Product.

4. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of Missouri.

5. That Defendants be adjudged to have been unjustly enriched by engaging in false or misleading advertising under the laws of the State of Missouri.

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7. That Plaintiff be awarded Defendants' profits obtained by Defendants as a consequence of Defendants' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118.

11. That Plaintiff be granted prejudgment and post judgment interest.

12. That Plaintiff have such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Respectfully submitted,

Dated: November 22, 2016

/s/Nelson D. Nolte
NOLTE LAW FIRM
918 Pontoison Dr.
Manchester, MO 63021
Telephone: 314-966-6771

Attorney for Plaintiff