UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SI03, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16CV274 RLW |
| MUSCLEGEN RESEARCH, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on SI03, Inc.'s Motion and Renewed Motion for Default Judgment and Entry of Permanent Injunction (ECF No. 19, 25). Plaintiff SI03, Inc. ("SI03"), a manufacturer and seller of SYNTRAX-branded protein powder, brings this action alleging false advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition under Missouri common law (Count II); and unjust enrichment under Missouri common law (Count III). SI03 contends that Defendant, MuscleGen Research, Inc. ("MuscleGen") falsely represents that its GenePro protein powder product contains 30 grams of protein per tablespoon serving, when a tablespoon serving only contains 10 or less grams of protein. (Compl. ¶¶ 18-19, ECF No. 1) Plaintiff seeks an injunction permanently enjoining MuscleGen from falsely advertising its products, damages in the amount of $145,000, and costs "to prevent ongoing consumer confusion and harm to SI03 as a result of Defendant's ongoing and continuous false advertising of its GenePro products." (ECF No. 25-1 p. 9) Upon consideration of the record and the applicable law, the court will enter default judgment against MuscleGen.

## I. Procedural History

Plaintiff filed suit in federal court on November 22, 2016, and MuscleGen, a North Carolina corporation, was served through the North Carolina Secretary of State on January 4,

2017. (ECF No. 8) Under Rule 12 of the Federal Rules of Civil Procedure, MuscleGen was required to file an answer or other responsive pleading within twenty-one (21) days of being served with the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Because MuscleGen failed to timely file a responsive pleading, the Clerk of the Court entered default against MuscleGen on April 19, 2017. (ECF No. 14) Thereafter, Plaintiff filed a Motion for Default Judgment and Entry of Permanent Injunction. (ECF No. 19) On May 19, 2017, the Court, on review of the record, ordered the Clerk of the Court to mail a copy of the Clerk's Entry of Default to Defendant MuscleGen at the North Carolina Secretary of State and a P.O. Box address found on MuscleGen's website. (ECF No. 20) The Order was received by the North Carolina Secretary of State but returned unclaimed from the second address. (ECF Nos. 22, 24) Plaintiff then renewed its motion on October 6, 2017. (ECF No. 25)

Because default judgments are generally disfavored, the Court once again order the Clerk of the Court to mail copies of certain documents to Defendant at a new mailing address posted on Defendant's website. In the Order dated October 18, 2017, the Court stated, "[o]ut of an abundance of caution, the Court will make one last attempt to notify Defendant MuscleGen of the Complaint and pending motions for default judgment seeking injunctive and monetary relief." (ECF No. 26) The record reflects that on November 8, 2017, Defendant's representative received copies of the Complaint; Clerk's Entry of Default; Plaintiff SI03, Inc.'s Motion and Renewed Motion for Default Judgment and Entry of Permanent Injunction; and the October 18, 2017 Order via certified mail. (ECF No. 27) Over one month has passed and Defendant MuscleGen has failed to respond to the pending motions for default judgment.

## II. Legal Standard

Under Rule 55 of the Federal Rules of Civil Procedure, a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Default judgment

2

for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Terry v. Legal Asset Fin. Grp., LLC*, No. 4:13-CV-1674-JAR, 2014 WL 502173, at *3 (E.D. Mo. Feb. 7, 2014) (citation omitted). "[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). Further, "[a] party seeking damages under a default judgment must . . . prove its rights to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Kickers Corner of the Americas, Inc.*, No. 4:12CV02387 AGF, 2014 WL 805731, at *2 (E.D. Mo. Feb. 28, 2014) (citations omitted).

### III. Discussion

In the Complaint, Plaintiff claims that Defendant MuscleGen markets its GenePro product by falsely claiming it contains 30 grams of protein in a roughly 11.15 gram (1 tablespoon) serving when GenePro has 10 or fewer grams of protein per 11.15 gram (1 tablespoon) serving. (Compl. ¶¶ 17-22, ECF No. 1) Further, Plaintiff maintains that GenePro's marketing and packaging statement that it contains "medical grade" protein is incorrect, false, and misleading, as no industry or FDA standard for "medical grade" protein exists. (*Id.* at ¶¶ 23-24) Plaintiff SI03 asserts that purchasers of MuscleGen's products are likely to be misled and

3

deceived by MuscleGen's product labeling, marketing, and advertising. (*Id.* at ¶ 25) Further, Plaintiff contends that the false and misleading advertising is damaging to Plaintiff SI03's reputation and goodwill, as MuscleGen's false and misleading representations are designed to deceive and entice consumers to purchase MuscleGen's products over SI03's products based upon the false belief that GenePro is superior to other protein powders. (*Id.* at ¶¶ 26-27) According to Plaintiff, MuscleGen's wrongful conduct has caused confusion in the protein market, deprived Plaintiff of business, injured Plaintiff's relationships with current and prospective customers, and resulted in increased sales of MuscleGen's protein powder product. (*Id.* at ¶¶ 28-29)

## A. The Lanham Act and Unfair Competition

In Count I, Plaintiff alleges false advertising under § 43(a) of the Lanham Act for false designations of origin and false deceptions. 15 U.S.C. § 1125(a). In Count II, Plaintiff SI03 raises a claim of unfair competition under Missouri common law.[1] To establish a claim of false advertising under the Lanham Act, SI03 must demonstrate: (1) a false statement of fact by MuscleGen in a commercial advertisement about its product; (2) the statement actually deceived or has a tendency to deceive a significant portion of its audience; (3) such deception is material in that it is likely to influence the decision to purchase the product; (4) MuscleGen caused the false statement of fact to enter interstate commerce; and (5) SI03 has been injured, or is likely to be injured, as a result of the false statement, either by direct diversion of sales from SI03 to MuscleGen or by a loss of goodwill associated with SI03's products. *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998). "A statement may be literally false, conveying an explicit factual message and in fact be false . . . , or may be implicitly false, conveying the

---

[1] Because the action under Missouri common law for unfair competition utilizes the same elements as an action under the Lanham Act, the Court will discuss only the alleged violation of the Lanham Act. *Children's Factory, Inc. v. Benee's Toys, Inc.*, 160 F.3d 489, 491 n.2 (8th Cir. 1998).

4

implied message and thereby deceiv[ing] a significant portion of its recipients . . . ." *Fair Isaac Corp. v. Experian Info. Sols., Inc.*, 650 F.3d 1139, 1151 (8th Cir. 2011) (internal quotations and citations omitted).

Plaintiff SI03 alleges that MuscleGen's claim that its GenePro product has 30 grams of protein in a 1 tablespoon serving size and its use of the term "medical grade" in labeling, marketing, and advertising are false statements of fact that deceive, or have a tendency to deceive, a substantial segment of SI03's customers and potential customers and likely influences the purchasing decisions of SI03's customers. (Compl. ¶¶ 32) Defendant MuscleGen has failed to appear in this case and thus concedes Plaintiff SI03's allegations. *Neal Techs., Inc. v. Craven Performance & Off-Road, LLC*, No. 4:15-cv-800-AGF, 2015 WL 9583395, at *3 (E.D. Mo. Dec. 31, 2015). Therefore, based on the uncontested factual allegations, the Court finds that Plaintiff SI03 has stated a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is entitled to default judgment on Counts I and II of the Complaint. *Id.*

### B. Permanent Injunctive Relief

"The Lanham Act permits courts to enter permanent injunctive relief to prevent future trademark infringement." *Id.* at *3 (citing 15 U.S.C. § 1116). To obtain a permanent injunction, Plaintiff SI03 must demonstrate: "(1) its actual success on the merits; (2) that it faces irreparable harm; (3) that the harm to it outweighs any possible harm to others; and (4) that an injunction serves the public interest." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1012 (8th Cir. 2011) (citation omitted). "[I]n trademark law, injury is presumed once a likelihood of confusion has been established." *Id.*

MuscleGen's claim that its GenePro product has 30 grams of protein in a 1 tablespoon serving size and its use of the term "medical grade" are likely to mislead and cause confusion among consumers in that the stated protein amount is false, and there is no "medical grade"

5

protein standard provided by the protein powder industry or the FDA. Further, SI03 faces irreparable harm, as the continuing false advertising of MuscleGen's products that compete with SI03's products poses a risk to SI03's sales and reputation. Conversely, MuscleGen has no protectable interest in continuing to falsely advertise its GenePro products. Finally, the Court finds that the public interest is served by preventing Defendant MuscleGen from misleading consumers to believe that a one tablespoon serving size of GenePro contains 30 grams of protein when the actual amount of protein is 10 grams or less. In addition, the public interest is advanced by preventing MuscleGen from misleading consumers by advertising that the protein is "medical grade."

In short, the Court concludes that, in light of MuscleGen's failure to answer or otherwise respond, despite several attempts to notify Defendant of the pending lawsuit and motion for default judgment, "that [MuscleGen's] infringement has irreparably harmed [SI03] and will continue to irreparably harm [SI03]; the harm to [SI03] from the infringement outweighs any potential harm to [MuscleGen] from enjoining [MuscleGen's] infringing activities; and the public interest in preserving intellectual property rights will be served by an injunction." *Neal Techs.*, 2015 WL 9583395, at *4. Therefore, Plaintiff SI03 has established its right to a permanent injunction, the Court will issue said injunction in Plaintiff's favor.

### C. Damages

Finally, Plaintiff requests that the Court award actual damages in the amount of $145,000.00 and award costs to be determined upon submission of a Bill of Costs under both the Lanham Act and pursuant to its claim for unjust enrichment under Missouri common law as set forth in Count III of the Complaint. To recover monetary damages, Plaintiff must "provide[] evidence of defendants' profits from the infringing activity" for the Court to calculate damages. *Xiem Studio, LLC v. Nguyen*, No. 4:14-CV-1366-CEJ, 2015 WL 3795852, at *4 (E.D. Mo. June

18, 2015). Here, Plaintiff has not provided any calculable evidence in support of its allegation that it has suffered over $145,000.00 in actual damages for lost sales attributable to Defendant MuscleGen's false advertising. Therefore, the Court will deny Plaintiff SI03's request for monetary damages.

Plaintiff also requests costs in an amount to be determined upon the submission of a Bill of Costs. Pursuant to 15 U.S.C. § 1117(a), Plaintiff may recover the costs of the action. Therefore, the Court will direct SI03 to submit a Bill of Costs.

### IV. Conclusion

Upon review of the record, including Plaintiff's proposed permanent injunction order,

**IT IS HEREBY ORDERED** that Plaintiff SI03, Inc.'s Motion and Renewed Motion for Default Judgment and Entry of Permanent Injunction (ECF No. 19, 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that a Permanent Injunction is entered in this case as follows:

Defendant MuscleGen Research, Inc., its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of the foregoing, are immediately and permanently enjoined from:

1. Claiming or implying in any form, including without limitation verbally, in correspondence, on packaging materials, on advertising materials, and/or on marketing materials, that any amount of a nutritional supplement product contains more protein than is actually present in such amount of the product;

2. Claiming that any product contains protein designated as "medical grade" or any similar designation, unless such designation is approved by the U.S. Food and Drug Administration.

**IT IS FURTHER ORDERED** that no later than 21 days from the date of this Order, Defendant MuscleGen Research, Inc. shall recall and remove all products and printed materials that include a claim as set forth above.

**IT IS FURTHER ORDERED** that no later than 10 days from the date of this Order, Plaintiff shall submit a form AO 133 Bill of Costs for the Court's consideration.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order on Defendant via regular mail and certified mail to the following address: MuscleGen Research, Inc., 2425 Kildaire Farm Road, Suite 407, Cary, NC 28518.

A separate judgment of default shall accompany this Memorandum and Order.

Dated this 12th day of December, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**