# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| SI03, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUSCLEGEN RESEARCH, INC., et al., <br><br> Defendants. | No. 1:16CV274 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Musclegen Research, Inc.'s Motion for Relief. (ECF No. 53) Defendant argues the Court should vacate the Default Judgment and permanent injunction entered December 12, 2017 pursuant to Federal Rule of Civil Procedure 60(b) because it was not properly served before the judgment and injunction were entered and it did not receive notice of the case until October 22, 2018. Plaintiff SI03, Inc. opposes the motion. After careful consideration, the Court grants the motion and vacates the Default Judgment and permanent injunction (ECF No. 29) previously entered in this case.

## BACKGROUND

On November 22, 2016, Plaintiff SI03, Inc. filed suit against Defendant Musclegen[1] Research, Inc., a North Carolina corporation, alleging false advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition under Missouri common law (Count II); and unjust enrichment under Missouri common law (Count III). (ECF No. 1) On November 26, 2016, Plaintiff's first attempt to serve Defendant via process server at the address listed on the North Carolina Secretary of State's website was unsuccessful. (ECF No. 5) The address listed

---

[1] The Court notes that styling of Defendant's corporate name is inconsistent within the record: some filings use "Musclegen" and others use "MuscleGen." The Court will use "Musclegen" except when a direct quote from the record uses "MuscleGen."

on the North Carolina Secretary of State's website, 2044 Muirfield Village Way, Raleigh, NC 27604, was the personal residence of Defendant's registered agent, Dr. Brian Parks.[2] According to Dr. Parks, however, he had paid a service called "MyCorporation" to change the address for Defendant and all of its corporate officers on the North Carolina Secretary of State's website to P.O. Box 607, Willow Springs, NC 27592. (Decl. of Dr. Brian M. Parks ¶ 16, ECF No. 50-1) Evidently, MyCorporation had failed to make Dr. Parks's requested change of address.

After Plaintiff's first attempt at service failed, it attempted substituted service on Defendant via the North Carolina Department of the Secretary of State, which sent the service documents via certified mail with return receipt requested to 2044 Muirfield Village Way. On December 24, 2016, the service documents were signed for by an individual at the 2044 Muirfield Village Way address. (ECF Nos. 8 & 7) According to Dr. Parks, that individual is the current homeowner of 2044 Muirfield Village Way who has no association with Defendant and did not know Dr. Parks. (Decl. of Dr. Brian M. Parks ¶ 16, ECF No. 50-1) Because the documents had been delivered to the address on record for Defendant and were ostensibly received by a representative of Defendant as evidenced by a signature, the North Carolina Department of the Secretary of State confirmed to Plaintiff on January 4, 2017 that service upon Defendant was successful. (ECF No. 8, at 6)

On April 18, 2017, Plaintiff filed for the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a) (ECF No. 13), which was entered on April 19, 2017 (ECF No. 14). The Clerk of Court noted, "The record reflects service of summons and the complaint upon said Defendant on January 4, 2017, by service upon the North Carolina Secretary of State in accordance with North Carolina law." (*Id.*)

---

[2] Dr. Parks is also a co-founder of Defendant and its Chief Operating Officer.

On May 18, 2017, Plaintiff filed a Motion for Default Judgment and Entry of Permanent Injunction. (ECF No. 19) Because Defendant had not been notified of the Clerk of Court's entry of default, the Court ordered copies of the Clerk's Entry of Default be mailed through regular mail and certified mail to Defendant via the North Carolina Secretary of State and to Dr. Parks at P.O. Box 607, Willow Springs, NC 27592. (ECF No. 20) The Court notes that it discovered this address, which was the address Dr. Parks says he paid MyCorporation to change on the Secretary of State's website, after conducting its own Internet search. The North Carolina Secretary of State received the copies on May 23, 2017. (ECF No. 22) The copies sent to Dr. Parks, however, were returned as unclaimed on June 15, 2017, and the envelope notes two attempts at delivery were made on May 23 and 29, 2017 before the documents were returned on June 7, 2017. (ECF No. 24)

On October 6, 2017, Plaintiff filed a Renewed Motion for Default Judgment and Entry of Permanent Injunction. (ECF No. 25) On October 18, 2017, the Court ordered copies of the renewed motion, as well as copies of other filings, to be mailed to Defendant and noted:

> While MuscleGen was served through the North Carolina Secretary of State, a recent Internet search by the Court revealed a *new* mailing address on MuscleGen's website. *Out of an abundance of caution*, the Court will make one last attempt to notify Defendant MuscleGen of the Complaint and pending motions for default judgment seeking injunctive and monetary relief.

(ECF No. 26) (emphasis added) Accordingly, copies were mailed via regular and certified mail to MuscleGen Research, Inc., 2425 Kildaire Farm Road, Suite 407, Cary, NC 28518. (*Id.*) On November 8, 2017, the documents were received and signed for by "Sam Steger." (ECF No. 27) According to Dr. Parks, an employee named Samantha Steger worked for Defendant from June 2017 until February 2018, "when she was terminated for cause." (Decl. of Dr. Brian M. Parks ¶ 18, ECF No. 50-1) Dr. Parks further asserts that "[i]f Ms. Steger did sign for those documents,

she never passed them along to any other Musclegen employee." (*Id.*) On December 12, 2017, the Court entered a Default Judgment and permanent injunction in favor of Plaintiff. (ECF Nos. 28 & 29)

According to Dr. Parks, he first learned of this case once some of Defendant's clients made "passing comments about a lawsuit against Musclegen" after the Court entered its Default Judgment and permanent injunction. (Decl. of Dr. Brian M. Parks ¶ 5, ECF No. 50-1) He then searched online and "learned that this Court had entered an injunction against Musclegen, but had not ordered a fine or made any other demand on Musclegen." (*Id.*) Dr. Parks states that, after reviewing the language in the Court's Default Judgment and permanent injunction, he "believed that Musclegen was not in violation of it" as Defendant had changed its business practice at issue. (*Id.*) Conceding his lack of legal knowledge, Dr. Parks avers Defendant did not think they needed to take any action in this matter because they believed they were not in violation of the injunction. (*Id.*)

According to Plaintiff, its counsel attempted to contact Defendant on January 11, 2018. (ECF No. 55-2) Once the permanent injunction's deadline passed for Defendant to recall certain products, Plaintiff's counsel sent a letter via email to Defendant at the email address MuscleGen@outlook.com. (ECF Nos. 55-2, -3) That same date, Plaintiff's counsel received a response email from someone named "Gina Travino," who identified herself as "Customer Service Representative" for "Musclegen Research, MedFit RX, Skin Fit and Muscle Mud Coffee." (ECF No. 55-3) "Gina Travino" stated: "Our legal counsel will respond. We have just received noticed [sic] before Christmas as all correspondences were sent to the wrong address. Countersuit to follow." (*Id.*) According to Dr. Parks, "Gina Travino" is a pseudonym used by a third-party company in India, Habliss, that Defendant hired to handle customer service

- 4 -

responses. (Decl. of Dr. Brian M. Parks ¶¶ 20-21, ECF No. 50-1) Dr. Parks further attests that Habliss did not inform Defendant about the communication with Plaintiff's counsel and, after Habliss repeatedly failed to forward certain documents to Defendant's employees, Defendant ceased doing business with it. (*Id.*)

Plaintiff filed a Motion for Contempt on April 5, 2018 (ECF No. 35), and Renewed Motion for Contempt on August 13, 2018 (ECF No. 36), claiming Defendant was violating the permanent injunction and moving for sanctions. On September 5, 2018, the Court issued an Order for Defendant to respond to Plaintiffs Motion for Contempt no later than October 3, 2018. (ECF No. 37) The Court ordered the Clerk of Court to serve a copy of the September 5, 2018 Order via regular mail and UPS to MuscleGen Research, Inc., 2425 Kildaire Farm Road, Suite 407, Cary, NC 28518. (*Id.*) On October 18, 2018, after nothing had been filed to indicate service was successful, the Court issued an Amended Order on October 18, 2018 and ordered Plaintiff to effect service by special process server. (ECF No. 39) Plaintiff submitted an affidavit of service indicating service was successful on October 22, 2018. (ECF No. 40)

Dr. Parks attests that when Defendant's president was served on October 22, 2018, "that was the first time that Musclegen understood that there might be further action with respect to the injunction." (Decl. of Dr. Brian M. Parks ¶ 24, ECF No. 50-1) The Amended Order of October 18, 2018 ordered Defendant to respond to Plaintiff's Motion for Contempt no later than fourteen days after service was completed. (ECF No. 39) Accordingly, Defendant's response was due no later than November 5, 2018. Defendant's first activity in the case was the entry of appearance of its initial counsel on November 20, 2018. (ECF No. 41) Defendant's initial counsel filed a motion to withdraw as counsel on January 3, 2019 (ECF No. 42) and Defendant's current counsel entered their appearance on February 5, 2019. (ECF Nos. 43 & 44) Defendant's

current counsel requested an additional fourteen days to respond to Plaintiff's Motions for Contempt, which the Court granted. (ECF No. 46, 47) Defendant timely filed its Response in Opposition to Plaintiff's Motions for Contempt in which it argues all attempts at service prior to October 22, 2018 were unsuccessful and it only learned of the case on October 22. (ECF No. 50, at 9) Upon consideration of the procedural posture of this case, the Court found it was appropriate to deny Plaintiff's Motions for Contempt without prejudice so Defendant, with the aid of its current counsel, could fully address its concerns regarding previous attempts at service and any impact on this Court's previous orders and judgments.

On March 19, 2019, Defendant filed the instant Motion for Relief in which it moves for the Court to grant relief from the Default Judgment and permanent injunction pursuant to Rule 60(b). (ECF No. 53) Plaintiff opposes the motion. (ECF No. 55)

## **DISCUSSION**

Defendant argues the Court should vacate the Default Judgment and permanent injunction entered December 12, 2017 because it was not properly served before the judgment and injunction were entered and it did not receive notice of the case until October 22, 2018. Pursuant to Federal Rule of Civil Procedure 60, the Court may set aside a void judgment. Fed. R. Civ. P. 60(b)(4). "[A] default judgment entered without service of process and personal jurisdiction is void and can be attacked at any time." *Allstate Ins. Co. v. Bass*, No. 4:11-CV-1910-JAR, 2014 WL 2765286, at *2 (E.D. Mo. June 18, 2014) (citing *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 841 (8th Cir. 1993)). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc.*, 11 F.3d at 843 (8th Cir. 1993).

Rule 4(h) provides that a corporation in the United States can be served either by delivering a copy of the summons and a complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service. Rule 4(e) further provides that service upon an individual can be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under North Carolina law, where Defendant is incorporated and where service has repeatedly been attempted, when an entity that is required to maintain a registered agent in North Carolina fails to do so, or "when its registered agent cannot with due diligence be found at the registered office, . . . the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served." N.C. Gen. Stat. § 55D-33(b). Accordingly, a plaintiff who first fails to effect service on a registered agent of a North Carolina corporation may deliver copies of the complaint and summons to the North Carolina Secretary of State. Then, "the Secretary of State shall immediately mail one of the copies thereof, by registered or certified mail, return receipt requested, to the entity at its principal office or, if there is no mailing address for the principal office on file, to the entity at its registered office." *Id.* That statute makes clear: "Service on an entity under this subsection is *effective for all purposes* from and after the date of the service on the Secretary of State." *Id.* (emphasis added).

Defendant cites examples of cases where courts applying North Carolina's practically identical Rule 60(b) have denied requests for relief from judgments where defendants claimed to have been improperly served because they failed to keep current contact information with the Secretary of State. *See, e.g., Builders Mut. Ins. Co. v. Doug Besaw Enters., Inc.*, 775 S.E.2d 681, 685 (N.C. Ct. App. 2015); *S.C. Ins. Co. v. Hallmark Enters., Inc.*, 364 S.E.2d 678, 681 (N.C. Ct.

App. 1988); *Royal Bus. Funds Corp. v. S. E. Dev. Corp.*, 232 S.E.2d 215, 219 (N.C. Ct. App. 1977). In other cases, however, courts have granted relief from a judgment when the failure of service was not the defendant's fault. *See Huggins v. Hallmark Enters., Inc.*, 351 S.E.2d 779, 783 (N.C. Ct. App. 1987) (finding a judgment void because the North Carolina Secretary of State mailed documents to the wrong address). Here, Defendant argues it was the conduct of a third party – MyCorporation – that caused it to not receive service through the first several attempts. Defendant asserts it was not attempting to evade service. *See Advanced Wall Sys., Inc. v. Highlande Builders, LLC*, 605 S.E.2d 728, 731 (N.C. Ct. App. 2004). Rather, it claims it acted in good faith in assuming MyCorporation completed the service for which it was paid to perform. Additionally, Defendant blames the conduct of the third-party customer service company for the continued delay in Defendant's notice of the matter.

In response, Plaintiff first argues that Defendant's Rule 60(b) motion is time-barred. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > 
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > 
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > 
> > (4) the judgment is void;
> > 
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > 
> > (6) any other reason that justifies relief.

Rule 60(c) further provides: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because Defendant's motion

was filed more than a year after the Default Judgment that it seeks to set aside was entered, Plaintiff contends the motion should be denied. The one-year time limit in Rule 60(c), however, explicitly applies to motions brought pursuant to Rule 60(b)(1), (2), and (3). Defendant's motion seeks relief under Rule 60(b)(4) and (6). Accordingly, the timeliness of the motion is judged by a broader reasonableness standard based on the specifics of the case. The Court finds that Defendant's Rule 60(b) Motion was brought within a reasonable time after the Court denied Plaintiff's Motions for Contempt without prejudice and explicitly noted Defendant could fully address concerns related to prior attempts at service.

Plaintiff also argues that the Default Judgment and permanent injunction in this case are not void because service via the North Carolina Secretary of State was effective "for all purposes." *See* N.C. Gen. Stat. § 55D-33(b). According to Plaintiff, it is immaterial that Defendant hired a third party to change its address on file because it is a corporation's responsibility to ensure that its address on file with the Secretary of State is correct. *See Smith ex rel. Strickland v. Jones*, 645 S.E.2d 198, 201 (N.C. Ct. App. 2007) ("Defendant's failure to attend to its obligations under Chapter 55D and properly maintain a registered office is the sole reason why substitute service on the Secretary of State was necessary."). Plaintiff also notes that the Court ordered copies of the Clerk's Entry of Default be mailed through regular mail and certified mail to Defendant via the North Carolina Secretary of State and to Dr. Parks at the address to which Defendant claims MyCoporation was hired to change, albeit after the Court discovered it by conducting its own Internet search. (ECF No. 20) The copies sent to Dr. Parks, however, were returned as unclaimed and the envelope notes two attempts were made before being returned. (ECF No. 24)

"The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). Defendant maintains that the first time it received official notice of this case was on October 22, 2018, after which it retained its initial counsel who entered an appearance less than a month later on November 20, 2018. While Defendant's first substantive filing was submitted long after the Court ordered it to respond to the then-pending Motion for Contempt, Defendant's actions since then and the arguments presented by Defendant's current counsel demonstrate its good faith effort to respond in this matter and challenge what it believes to be the deficient service of process in this case.

Defendant correctly notes that Plaintiff could have found an alternative address and contact information on Defendant's website, as the Court did, after the first initial attempts at service to the address on file with the North Carolina Secretary of State failed. However, if Plaintiff had discovered the new address as listed on the website, Defendant may have still argued it did not receive them if the same events transpired as when the Court mailed documents to the correct address and they were received and signed for by an employee of Defendant who appears to have not passed those documents along to others. Nevertheless, in light of the Eighth Circuit's "strong judicial policy against default judgments," *Oberstar*, 987 F.2d at 504, the Court finds that relief pursuant to Rule 60(b) is justified in this case. Even though Defendant has not cited an example of a court finding cause to vacate a default judgment after a third party failed to update a corporation's address on file with a Secretary of State's office, the Court finds the case law discussed is sufficiently analogous to this case to suggest Defendant's requested relief is appropriate as it was not purposefully evasive or inexcusably neglectful. Further, Plaintiff is unlikely to be prejudiced if the Default Judgment is vacated because minimal, if any, discovery

has taken place. Consequently, the Court vacates the Default Judgment and permanent injunction and will permit the parties to resume litigation on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Musclegen Research, Inc.'s Motion for Relief (ECF No. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Default Judgement (ECF No. 29) is **VACATED**. Defendant Musclegen Research, Inc. is granted fourteen days from the date of this Memorandum and Order to file an answer or otherwise respond to Plaintiff SI03, Inc.'s Complaint.

Dated this 9th day of December, 2019.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**