**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| SI03, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-274 RLW |
| | ) |
| MUSCLEGEN RESEARCH, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff SI03, Inc.'s ("Plaintiff") Motion to Compel Discovery Responses (ECF No. 99). Defendant Musclegen Research, Inc. ("Defendant") opposes the Motion and it is fully briefed. Plaintiff served various discovery requests on Defendant and now seeks to compel amended responses to its requests, production of all responsive documents and information, and service of a privilege log. Defendant filed general objections and attempted to unilaterally limit the scope of Plaintiff's discovery. Plaintiff's Motion will be GRANTED as follows.

**Background**

This is an action between competitors who manufacture and sell protein powder to consumers. Plaintiff's First Amended Complaint (ECF No. 88) asserts claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a) (Count I) and Missouri common law unfair competition (Count II) based on Defendant's claims on its product packaging that one 11.5 gram scoop of its GenePro protein power has 30 grams of protein, and that GenePro contains "medical grade" protein. Plaintiff also seeks a declaratory judgment that its use of its trademarks NECTAR® and PROMINA™ in interstate commerce in connection with protein

powers and dietary supplements does not infringe any of Defendant's rights, that Defendant has no rights in these marks, and that any trademark registration Defendant obtained in these marks is invalid and unenforceable (Count III). Plaintiff alleges that Defendant's wrongful conduct has caused confusion in the protein market, deprived Plaintiff of business, injured Plaintiff's relationships with current and prospective customers, and resulted in increased sales of Defendant's protein powder product.

**Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P.

"The scope of discovery under Rule 26(b) is extremely broad. Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted).

After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993), and St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). The party must demonstrate "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id. (quoted case omitted).

**Discussion**

 A. Plaintiff's Discovery into Defendant's Clinical Trial

Plaintiff states that Defendant refuses to produce relevant documents and information in its possession, custody, or control that are responsive to Plaintiff's discovery requests concerning the clinical trial that is the sole support for Defendant's alleged false advertising statements regarding the equivalency and absorption of the protein used in its GenePro product. Plaintiff's Request for Production 1 asks Defendant to produce "All Documents relating to the [Clinical] Trial." Defendant responded:

> Musclegen objects to this request in that it seeks documents that are not relevant to this dispute and that are not proportional to the needs of this case, and that the request is overbroad and unduly burdensome given the use of "relating." Many documents might "relate" to the "Trial" but have no relevance to this matter. Without waiving this objection, Musclegen will produce the results of the Trial.

3

(ECF No. 100-2 at 1.) Defendant makes similar boilerplate objections as its response to many of Plaintiff's requests for production of documents, and in response to Requests 4-6 and 12 agrees to produce only the results of the clinical trial.

Discovery relating to the clinical trial is highly relevant to Plaintiff's Lanham Act and Missouri unfair competition claims. Defendant's generic, summary objections to Plaintiff's discovery requests are improper and fail to comply with the Federal Rules of Civil Procedure as amended in 2015 and this Court's Local Rules. Rule 26(b)(1) no longer restricts discovery to only that which appears reasonably calculated to the discovery of admissible evidence. Rule 34(b)(2)(B) requires a party to "state with specificity the grounds for objecting to the request, including the reasons." Correspondingly, Local Rule 3.04(C) provides that "the Court may summarily overrule an objection to any discovery request if the objection is not stated in detail." Rule 34(b)(2)(C) further requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." As the Advisory Note makes clear, if a request is objected to as overbroad, the response must identify any scope of the request that is not overbroad.

Defendant also fails to support its bare contention that Plaintiff's discovery requests are disproportionate. The factors for determining whether requested information is proportional to the needs of the case include: the importance of the issues, the amount in controversy, the parties' relative access to the information and their resources, the importance of the discovery in resolving the issues, and whether the burden or expense of producing the discovery outweighs its likely benefit. Fed. R. Civ .P. 26(b)(1). Defendant makes no attempt to address these factors. This is not adequate to establish that Plaintiff's document requests are disproportionate to the needs of the case.

"Rule 26 was amended in 2015 to include the 'proportionality' requirement. However, the 2015 amendments do not alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." Prime Aid Pharmacy Corp. v. Express Scripts, Inc., 2017 WL 67526, at *4 (E.D. Mo. Jan. 6, 2017) (quoted case and internal citation omitted). Further, the amendment "does not place on the party seeking discovery the burden of addressing all proportionality concerns. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment. The "party claiming undue burden or expense ordinarily has far better information . . . with respect to that part of the determination." Id.[1]

Defendant's boilerplate objections to Plaintiff's requests fail to comply with these rules. As this Court has stated: "It is time, nearly [five] years after the effective date of the amendments to the discovery rules, for counsel to properly take note of the amendments and conduct themselves in accordance with the amendments. Boilerplate objections or responses that do not identify whether documents have been withheld pursuant to the objections are no longer proper." Carboline Co. v. A-1 Indus. Maint., Inc., 2020 WL 3605295, at *2 (E.D. Mo. July 2, 2020) (quoting LADS Network Sols., Inc. v. Agilis Sys., LLC, 2019 WL 5696147, at *3 (E.D. Mo. Nov. 4, 2019)).

The Court overrules each of Defendant's boilerplate objections and orders Defendant to produce documents responsive to Plaintiff's Requests for Production of Documents 1-18.

As to Request 1, Defendant is ordered to produce all documents, communications, and emails relating to the clinical trial, including the underlying study data, i.e., individual test

---

[1] Defendant's assertion that Plaintiff's discovery requests are disproportionate is belied by its assertion that "lost sales of Genepro over the duration of this lawsuit is [sic] at least $20,000,000." (ECF 100-1 at 5, ¶ 7.)

5

results; where and when tests were performed and by whom; how participants were recruited, accepted, and rejected; the identify and qualifications of the study's designers; the identity of the parties that performed the study; information regarding rejected test results; and anything else relating to the study.

Defendant does not make generic objections to Requests 19 and 20. Request 19 seeks "Documents sufficient to show [Defendant's] sales, and <u>profits</u> derived from the sales of, Genepro from January 1, 2015 to the present." (Emphasis added.) Defendant responds that it "is producing a document which demonstrates it sales and <u>revenue</u> from Genepro from January 1, 2014 to the present." (Emphasis added.) Profits and revenue are terms with distinct meanings. Defendant is ordered to produce documents to show its sales and net profits, not revenue, from GenePro for the requested period.

Request 20 seeks "Documents sufficient to show [Defendant's] expenses relating to marketing, advertising and packaging of Genepro from January 1, 2015 to the present." Defendant agreed to produce this. Plaintiff does not establish that Defendant has failed to produce the requested documents.

Request 21 seeks "All Documents which have been provided to any expert witness or lay witness who may or will be called to testify on [Defendant's] behalf at a trial or evidentiary hearing in this matter." Defendant "objects to this request to the extent it exceeds discovery allowed by the Rules. Musclegen will identify its experts and produce any documents as required by the Rules in accordance with the schedule entered by the Court." Defendant's vague objection is overruled. Request 21 does not ask Defendant to identify its experts. Defendant is ordered to produce the requested documents.

6

B. <u>Plaintiff's Discovery into Defendant's Use of "Medical Grade Protein"</u>

Plaintiff's false advertising claims are also based on Defendant's use of the phrase "medical grade protein" on its product packaging and in advertising materials. Plaintiff states that Defendant refuses to produce documents sought in Requests 2, 3, and 11 concerning the "medical grade protein" phrase. Request 2 seeks "All Documents relating to the phrase "Medical Grade Protein" as used in marketing, advertising, and packaging of Genepro." Defendant responded:

> Musclegen objects to this request because it is overbroad and unduly burdensome. Musclegen objects that in seeking production of "all" documents related to the phrase "Medical Grade Protein" as used in marketing, advertising, and packaging of Genepro seeks the production of documents that are not relevant and that are not proportional to the needs of this case, especially in light of the fact that Musclegen ceased using the phrase "Medical Grade Protein" in association with Genepro before SI03's initiated this lawsuit. In addition, Musclegen objects to this request because it seeks the production of documents that are protected by attorney-client privilege. Because of these objections, especially the fact that the phrase "Medical Grade Protein" was removed before SI03 initiated this lawsuit, Musclegen is not producing any documents in response to this request.

The Court has overruled Defendant's boilerplate objections. To the extent Defendant asserts it need not respond to Requests 2, 3, and 11, it appears to contend that the merits of its case render Plaintiff's request irrelevant. But "Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because '[l]itgation in general and discovery in particular . . . are not one sided.'" <u>Liguria Foods, Inc. v. Griffith Labs., Inc.</u>, 320 F.R.D. 168, 183 (N.D. Iowa 2017) (quoting <u>Sentis Grp., Inc. v. Shell Oil Co.</u>, 763 F.3d 919, 925 (8th Cir. 2014)). <u>See also</u> <u>A.O.A. v. Rennert</u>, 2017 WL 5478409, at *4 (E.D. Mo. Nov. 15, 2017) (whether a party's information is sufficient to prove its theory of the case is not a determination to be made on a motion to compel); <u>Carboline Co.</u>, 2020 WL 3605295, at *3 ("during the discovery process, [the

Court is] guided by Rule 26(b)(1) and not by whether any party will prevail on their claims or defenses in this action.")

The Court denied Defendant's motion to dismiss Plaintiff's Lanham Act and unfair competition claims in the original complaint in connection with "medical grade protein" claims and rejected Defendant's argument the claims were moot because it contended it no longer used the phrase. (Mem. and Order of May 13, 2020, ECF No. 67 at 5-6) ("That Defendant asserts it revised its packaging and advertising in the three years since the Complaint was filed raises fact issues, and does not absolve Defendant from potential liability for damages Plaintiff alleges it suffered as a result of the allegedly false claim in Genepro's trade dress and advertising."). Plaintiff reasserted these claims in its Amended Complaint and Defendant did not move to dismiss them. Plaintiff is entitled to discovery concerning Defendant's use of the phrase "medical grade protein" in its packaging and advertising. Defendant is ordered to produce documents responsive to Requests 2, 3, and 11.

As for Defendant's claim that the information sought is protected by the attorney-client privilege, a party who claims the benefit of a privilege has the initial burden to establish that the privilege applies. Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997); Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985); Baranski v. United States, 2014 WL 7335151, at *5 (E.D. Mo. Dec. 19, 2014). Rule 26(b)(5)(A), Fed. R. Civ P., requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This Court has consistently interpreted

the Rule's requirement to mean that the party asserting a privilege must produce a document index or privilege log. See Matter of Am. River Transportation Co., 2017 WL 747608, at *2 (E.D. Mo. Feb. 27, 2017); Jiang v. Porter, 2016 WL 3015163, at *1 (E.D. Mo. May 26, 2016); Jacobson v. Metro. St. Louis Sewer Dist., 2015 WL 5330428, at *3 (E.D. Mo. Sept. 14, 2015) (citing Baranski, 2014 WL 7335151, at *6).

Defendant's assertion of privilege fails to affirmatively state whether any responsive materials are being withheld on the basis of the privilege. "Rule 34(b)(2)(C) does not distinguish between types of objections or provide for implied assertions." Jiang, 2016 WL 3015163, at *2. Defendant is ordered to comply with Rule 34(b)(2)(C) and affirmatively state whether any responsive materials are being withheld on the basis of privilege objections it asserts in response to Requests 2-3, 7-10, and 13-18.

Further, Defendant did not provide a privilege log. Defendant's objections make no attempt to describe the nature of the documents or communications it is withholding on the basis of attorney-client or work product privileges. Defendant is ordered to produce a privilege log describing the nature of the documents, communications, or tangible things not produced or disclosed, providing sufficient detail to permit Plaintiff to evaluate its assertion of privilege as to Requests 2-3, 7-10, and 13-18.

C. Plaintiff's Discovery into Defendants' Trademarks

In Count III, Plaintiff seeks a declaratory judgment that its use of its trademarks NECTAR® and PROMINA™ in connection with protein powers and dietary supplements does not infringe any of Defendant's rights, that Defendant has no rights in these marks, and that any trademark registration Defendant obtained in these marks is invalid and unenforceable. Plaintiff alleges that Defendant threatened to sue it for trademark infringement, after Defendant's owner

filed federal trademark applications for "Promina" and "Nectar," terms used on Plaintiff's trade dress, and sent a communication to Plaintiff that stated in part,

> This litigation has made Musclegen sensitive to misleading statements on the trade dress of its competitors and, to protect its interests and to deter SIO3 from continuing its false advertising and to fully protect its position against SIO3's inappropriate litigation, Musclegen has registered the trademarks "Nectar Protein" and "Promina Protein." SIO3 is now in violation of both of Musclegen's protected marks.

(ECF No. 88 at 4-5.) Defendant consented to the filing of Plaintiff's Amended Complaint (ECF No. 86) and noted that Plaintiff had "expanded these proceedings to include allegations relating to trademark infringement and a claim for declaratory judgment." (Id. at 2.) Defendant filed its Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint (ECF No. 92) and never moved to dismiss Plaintiff's Count III.

Plaintiff states that Defendant has refused to respond to its discovery requests concerning Defendant's trademark infringement claims on the basis that the issue is not in the case. Defendant objected and refused to produce any documents in response to Plaintiff's Second Set of Requests for Production and objected, declined to respond to, and accordingly denied most of Plaintiff's Requests for Admissions, and objected to and refused to answer Plaintiff's Second Set of Interrogatories, consisting of Interrogatory 11 that asks Defendant to provide a detailed explanation of all bases and factual support for its denial of any Request for Admission. Defendant objects to these discovery requests on the basis they seek information that is not relevant to this dispute and not proportional to the needs of this case, because there is no present case or controversy for Plaintiff's cause of action for a declaratory judgment, so discovery relating to that cause of action is inappropriate and irrelevant. Defendant also object that because of the foregoing, the discovery requests are unreasonably burdensome and oppressive.

Defendant's boilerplate, generic objections to Plaintiff's Requests for Production, Requests for Admission, and Interrogatory 11 concerning its declaratory judgment claim as to trademark infringement fail to comply with the Federal Rules, for the reasons discussed above. The Court overrules each of Defendant's boilerplate objections in its Responses to Plaintiff's Second Set of Requests for Production, Request for Admissions, and Second Set of Interrogatories.

Defendant's assertion that it need not respond to Plaintiff's trademark infringement discovery because the issue is not in the case and is therefore irrelevant, is improper and meritless. "Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because '[l]itgation in general and discovery in particular . . . are not one sided.'" Liguria Foods, 320 F.R.D. at 183 (quoted case omitted). Plaintiff's Count III, seeking declaratory judgment as to trademark infringement, remains at issue by virtue of Defendant's consent to Plaintiff's filing of the First Amended Complaint and Defendant's failure to move to dismiss the claim.

The Court orders Defendant to produce all documents responsive to Plaintiff's Requests for Production of Documents 22-62, to answer Plaintiff's Requests for Admissions 1-12, 14-21, and 23-35 as required by Rule 36(a)(4), Fed. R. Civ. P., and to answer Plaintiff's Interrogatory 11.

Defendant's assertions of attorney-client and work product privileges in response to Requests 54 and 59-61 fail to affirmatively state whether any responsive materials are being withheld on the basis of the privilege. Defendant is ordered to comply with Rule 34(b)(2)(C) and affirmatively state whether any responsive materials are being withheld on the basis of privilege objections it asserts in response to Requests 54 and 59-61. Defendant did not provide a

privilege log. Defendant's objections make no attempt to describe the nature of the documents or communications it is withholding on the basis of attorney-client or work product privileges. Defendant is ordered to produce a privilege log describing the nature of the documents, communications, or tangible things not produced or disclosed, providing sufficient detail to permit Plaintiff to evaluate its assertion of privilege as to Requests 54 and 59-61.

**Conclusion**

For the reasons discussed above, the Court will grant Plaintiff's Motion to Compel Discovery Responses, overrule Defendant's boilerplate objections, and order Defendant to provide discovery as set forth in this Memorandum and Order within fourteen days. Defendant is reminded that "[c]ounsel's signature on the response certifies, in part, that to the best of that person's 'knowledge, information and belief formed after a reasonable inquiry' the response is consistent with the rules. Fed. R. Civ. P. Rule 26(g)(1). And Rule 26(g)(3) provides that if a certification violates the rule without substantial justification the court must impose an appropriate sanction on the signer, the party, or both." LADS Network Sols., 2019 WL 5696147, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Responses (ECF No. 99) is **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** that Defendant's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant shall serve appropriately amended responses to Plaintiff's discovery requests, produce all responsive documents and information, and serve a privilege log, within fourteen (14) days of the date of this Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of November, 2020.